UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDEL HUTCHINS,

    Plaintiff,

                                                CIVIL ACTION NO. 12-12354

v.

                                                DISTRICT JUDGE GERALD E. ROSEN

                                                MAGISTRATE JUDGE MARK A. RANDON

BARBARA SAMPSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 17)

On September 6, 2012, Plaintiff filed a letter of complaint against Central Michigan Correctional Facility ("STF")[1] (Dkt. No. 17), and this Magistrate Judge construed Plaintiff's letter as a Motion for Preliminary Injunction. (Dkt. No. 23). Plaintiff's motion alleges that STF and specifically, librarian Marcia Sorensen do not provide inmates adequate library time. Defendants filed a response on October 17, 2012. (Dkt. No. 32).

"It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (holding that an injunction was improper because the defendant had not been served with process); Fed. R. Civ. P. 65(d)(2) (injunction is binding only on parties, their agents, and persons acting in concert with parties). The MDOC and Sorensen are not parties to this lawsuit; nor have they received service of

---

[1] STF is a correctional facility controlled and operated by the Michigan Department of Corrections ("MDOC").

process. Accordingly, the Court lacks jurisdiction to enjoin their actions, and Plaintiff's motion should be **DENIED** without consideration of its merits.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: October 31, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 31, 2012, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*<br>
*Case Manager to Magistrate Judge Mark A. Randon*

2