UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDEL HUTCHINS,

    Plaintiff,                               CIVIL ACTION NO. 12-12354

    v.                                       DISTRICT JUDGE GERALD E. ROSEN

                                              MAGISTRATE JUDGE MARK A. RANDON

BARBARA SAMPSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS MARILYN MOORE

On August 17, 2012, the United States Marshals Service mailed Plaintiff's Complaint to Mariyn Moore ("Moore"). On August 31, 2012, the Waiver of Service was returned unexecuted, because the Michigan Department of Corrections ("MDOC") refused to accept mail for Moore.

On December 12, 2012, the Court ordered the MDOC to provide the U.S. Marshals Service Moore's last-known address (Dkt. No. 44). On January 4, 2013, the Waiver of Service was again returned unexecuted, because the MDOC was unable to identify Moore.

On January 17, 2013, the Court ordered Plaintiff to explain why his Complaint should not be dismissed without prejudice as to Moore (Dkt. No. 56). Plaintiff responded on February 25, 2013 requesting permission to file an amended complaint to reflect the correct spelling of Moore's first name (Dkt. No. 75). Plaintiff says the correct spelling is Marilyn Moore.

On February 28, 2013, the Court ordered the MDOC to serve Marilyn Moore (Dkt. No. 76). The U.S. Marshals Service mailed Plaintiff's Complaint to Marilyn Moore, but the service was again returned unexecuted; Marilyn Moore does not work for the Ojibway Correctional

1

Facility.

On May 14, 2013, the Court ordered Plaintiff to provide an address for Moore (Dkt. No. 100). Plaintiff responded on May 20, 2013 and requested that the Court dismiss his Complaint as to Moore due to mis-identity. Plaintiff says the correct individual is RUM M. Majupin (Dkt. No. 101). Accordingly, **IT IS RECOMMENDED** that Plaintiff's claims against Moore be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

                                      s/Mark A. Randon
                                      MARK A. RANDON

                                                            UNITED STATES MAGISTRATE JUDGE

Dated:  May 22, 2013

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, May 22, 2013, by electronic and/or first class U.S. mail.*

                                                *s/Eddrey Butts*
                                                *Case Manager to Magistrate Judge Mark A. Randon*