UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDEL HUTCHINS,

    Plaintiff,                          CIVIL ACTION NO. 12-12354

    v.                                 DISTRICT JUDGE GERALD E. ROSEN

                                          MAGISTRATE JUDGE MARK A. RANDON

BARBARA SAMPSON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 37)**

**I.    INTRODUCTION**

Plaintiff brought this prisoner civil rights case alleging Defendants unconstitutionally imposed a no-contact provision as part of his parole. Subsequently, Plaintiff filed a motion for preliminary injunction (Dkt. No. 37). Defendants responded (Dkt. No. 51).

Because Plaintiff was released from prison on May 1, 2013, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion be **DENIED AS MOOT**.

**II.    APPLICABLE LAW AND ANALYSIS**

    *A.    Standard of Review*

In determining whether to issue a preliminary injunction, a court must balance the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)

(citation omitted).

### B. *Plaintiff will not Suffer Irreparable Injury without the Injunction*

Plaintiff's motion seeks an injunction prohibiting the parole board and parole officers from: (1) adding a no-contact provision as a condition of his parole; (2) arresting him for violating the no-contact provision; (3) issuing conditions of parole by computer; (4) issuing conditions without due process; and (5) failing to determine whether an offender committed a violent crime before imposing parole conditions.

In *Michigan Coalition of Radioactive Material Users v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991), the Sixth Circuit explained the irreparable injury element: the harm alleged must be both certain and immediate, rather than speculative or theoretical. The absence of irreparable injury ends the Court's inquiry into the issuance of preliminary injunction relief. *See Metrobanc v. Fed. Home Loan Bank Bd.*, 666 F. Supp. 981, 984 (E.D. Mich. 1987) (citations omitted).

Plaintiff was released from prison on May 1, 2013 after serving his maximum sentence; he will not appear before the parole board or be supervised by a parole officer on the offense for which the parole board imposed the no-contact order. Therefore, Plaintiff cannot prove that he will suffer irreparable injury without the injunction, and his motion should be denied.

### III. CONCLUSION

Because Plaintiff was released from prison on May 1, 2013, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion be **DENIED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  *See* E.D. Mich. LR 72.1(d)(3), (4).

                                                  s/Mark A. Randon
                                                  MARK A. RANDON
                                                  UNITED STATES MAGISTRATE JUDGE

Dated:  June 28, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 28, 2013, by electronic and/or first class U.S. mail.*

                                                 *s/Eddrey Butts*
                                               *Case Manager to Magistrate Judge Mark A. Randon*