UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDEL HUTCHINS,

        Plaintiff,

                                      CIVIL ACTION NO. 12-12354

    v.                              DISTRICT JUDGE GERALD E. ROSEN

                                      MAGISTRATE JUDGE MARK A. RANDON

BARBARA SAMPSON, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS, OR FOR SUMMARY JUDGMENT (DKT. NOS. 27, 55, 109)

**I.    INTRODUCTION**

This is a 42 U.S.C. §1983 *pro se* prisoner civil rights action. Plaintiff alleges violations of his Fifth and Fourteenth Amendment rights (Dkt. No. 84) relating to a condition of his parole. This matter is before the Court on Defendants Barbara Sampson, David Kleinhardt, Lisa Gettys, Miguel Berrios, Rachel Johnson, Gregory Pruitt, Stephen DeBoer, Lauren Utich, Kirk McVittie, and Anthony King's (collectively, "Defendants") motions to dismiss, or in the alternative, for summary judgment (Dkt. Nos. 27, 55, 109).[1] Plaintiff responded and filed several documents in support of his allegations (Dkt. Nos. 18, 25-26, 33, 36, 42, 47-49, 52-53, 57, 62-63, 65, 71, 74, 88, 94).[2]

---

[1] On May 22, 2013, this Magistrate Judge recommended that Defendant Marilyn Moore be dismissed (Dkt. No. 104); and, Defendants Artina Hardman, Ted Hammon, and Paul Condito have not yet been served.

[2] The time to respond to King's motion has not yet passed. But, King simply adopts the arguments of the other Defendants.

Because the Fifth Amendment does not apply to Defendants' conduct and Plaintiff was not entitled to procedural due process under the Fourteenth Amendment – with respect to the condition of his parole at issue – this Magistrate Judge **RECOMMENDS** that Defendants' motions be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE**.[3]

## II.    BACKGROUND

### A.    *Identification of Defendants*

Defendants are employed by the Michigan Department of Corrections in the following capacities:

(1)    Johnson is a Parole Specialist at the Charles Egeler Reception & Guidance Center (Dkt. No. 27, Ex. A at ¶2);

(2)    McVittie is a Parole/Probation Supervisor (Dkt. No. 27, Ex. B at ¶2);

(3)    Utich and Pruitt are Parole/Probation Officers (Dkt. No. 27, Ex. C at ¶2; Dkt. No. 27, Ex. D at ¶2);

(4)    Kleinhardt and Berrios are retired Parole Board members (Dkt. No. 55 at p.1);[4] and,

(5)    Gettys, Sampson, DeBoer, and King are Parole Board members (Dkt. No. 27 at p.9; Dkt. No. 109 at p.1).

### B.    *Factual Background*

On June 19, 2008, Plaintiff was sentenced to 1-5 years in prison for Carrying a Concealed Weapon (Dkt. No. 84 at ¶2; Dkt. No. 49 at p.3). Plaintiff alleges that during his parole hearing on December 8, 2008, Kleinhardt constantly scolded, taunted, and made harsh and cruel

---

[3] Based on the applicable law, this Magistrate Judge need not convert Defendants' motions into motions for summary judgment.

[4] All page numbers are based on CM/ECF pagination.

statements regarding a police report that was not admitted during his criminal trial (Dkt. No. 84 at ¶2). Specifically, Plaintiff says Kleinhardt said "You pointed a gun at Felica[sic] Walker didn't you!!!" When Plaintiff answered in the negative, Kleinhardt replied "Well the [police] report says that you did; I find it hard not to believe . . . the offence[sic] stated in the report, that you did not commit or carry out the act" (*Id.* at ¶3).

On January 9, 2009, Plaintiff received a Parole Board Notice of Decision indicating that "[t]he Parole board lacks reasonable assurance that [Plaintiff] will not become a menace to society or to the public safety and denial of parole is warranted" (Dkt. No. 26 at p.2). The reason for the denial was that "[d]uring the [interview], [Plaintiff] failed to show any insight into his long history of carrying firearms and other dangerous behaviors. [He] blamed the crime on his co- worker and the victim misidentifying a beer can as a gun pointed at her. [He] still poses a risk" (*Id.*).

Plaintiff had another parole hearing on April 27, 2009. Plaintiff claims Gettys' questions were harsh, cruel, and aggressive (Dkt. No. 84 at ¶5). Plaintiff was denied parole (*Id.*).

On July 7, 2009, Plaintiff's parole was granted (*Id.* at ¶6). He was released on August 6, 2009 and placed on parole for 12 months. He was supervised by Utich and McVittie (Dkt. No. 84 at ¶7; Dkt. No. 18 at p.2). The Parole Board Notice of Decision contained a special condition:

> [Plaintiff] must not have verbal, written, electronic, or physical contact either directly or through another person and [Plaintiff] must not be within 500 feet of the[] residence, school, or place of employment of: Felicia Walker.

(Dkt. No. 18 at p.2). The Decision was signed by Gettys and King (*Id.* at p.3). But, Plaintiff alleges that Sampson imposed the special condition to constrain his liberty (Dkt. No. 84 at ¶7; Dkt. No. 25 at p.2).

-3-

Plaintiff allegedly violated his parole, and had a hearing in March of 2010 (Dkt. No. 84 at ¶¶ 8-9). The Parole Board Notice of Action dated March 24, 2010 indicated Plaintiff violated his parole on March 3, 2010 when he engaged in assaultive, abusive, threatening and/or intimidating behavior and failed to comply with the no-contact order (Dkt. No. 48 at p.10). According to the Parole Violation Arraignment Summary, Plaintiff admitted to arguing with Ms. Walker about a car title (*Id.*). The parole board concluded as follows: "[Plaintiff's] admissions to all the violations coupled with the [other] documentation in this case provide a factual basis for a finding of guilt in this matter. Parole adjustment has been poor. [He] completely ignored [the no-contact order]. [T]his can not be tolerated" (*Id.*).

Plaintiff returned to prison, but was released on November 10, 2010 and placed on parole for 18 months. The no-contact provision was not removed (Dkt. No. 84 at ¶9; Dkt. No. 48 at p.15).

On March 3, 2011, Pruitt, McVittie, and Johnson ordered Plaintiff returned to prison, because he was charged with home invasion (Dkt. No. 84 at ¶10; Dkt. No. 88 at p.7). The case was dismissed without prejudice, because the complaining witness failed to appear (Dkt. No. 47 at p.5). Plaintiff served his maximum sentence and was released on May 1, 2013 (Dkt. No. 95).

### III.    STANDARDS OF REVIEW

#### A.    *Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not

accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id.* at 678.  A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted.  *See e.g.*, *Haines v. Kerner*,

404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).

### B. *Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

**IV.    APPLICABLE LAW AND ANALYSIS**

Plaintiff makes two overarching arguments: Defendants' conduct violated his Fifth and Fourteenth Amendment rights. Both arguments lack merit.

### A.    *Fifth Amendment Double Jeopardy and Due Process Claims*

Plaintiff first argues that Defendants violated the Double Jeopardy and Due Process clauses of the Fifth Amendment: "[n]o person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . nor be deprived of life, liberty, or property, without due process of law[.]"

The Fifth Amendment only applies to the federal government, and Defendants are all state actors. *See Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) ("the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government") (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977)); *see also United States v. Owens*, 1993 WL 272442 at *4 (6th Cir. July 19, 1993) ("[t]he Supreme Court noted that the limitations imposed on the federal government by the Double Jeopardy Clause of the Fifth Amendment do not bind the states").

Plaintiff's Fifth Amendment claims should be dismissed.

Further, while the Double Jeopardy clause applies to the states through the Fourteenth Amendment, Plaintiff's Double Jeopardy argument should still be dismissed; he was not tried twice for the same offense.

### B.    *Fourteenth Amendment Due Process*

Plaintiff next argues that Defendants violated the Due Process clause of the Fourteenth Amendment: "[n]o state . . . shall . . . deprive any person of life, liberty, or property, without due

process of law[.]"

"To the extent Petitioner asserts a *procedural* due process claim, he must first show that he was deprived of a protected interest." *Smith v. Michigan Dep't of Corr. Parole Bd.*, No. 1:12-cv-515, 2012 WL 3307431 at *7 (W.D. Mich. Aug. 13, 2012) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). Plaintiff is correct that once he was released on parole, he obtained a protected liberty interest:

> The Supreme Court recognizes that a parolee has a protected liberty interest in continued release on parole, subject to the conditions of that release. *Morrissey v. Brewer*, 408 U.S. 479-80 (1972). To protect that interest, due process requires, among other things: (1) a preliminary hearing "as promptly as convenient after arrest . . . to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions"; and (2) a revocation hearing, if desired by the parolee, "within a reasonable time after the parolee is taken into custody" to determine whether a violation has occurred that warrants revocation of parole. *Id.* at 485-89.

*Smith*, 2012 WL 3307431 at *7 (footnote omitted). But, Plaintiff does not argue that he did not receive procedural due process *after* he was arrested for violating the no-contact order. Instead, Plaintiff contends that he did not receive procedural due process *before* the no-contact order was imposed. Plaintiff says the no-contact order was imposed under the false assumption that Ms. Walker was a victim, and Defendants did not provide him an opportunity to explain what actually occurred.

There is no constitutionally protected liberty interest in parole. *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010). Therefore:

> the conditions of Plaintiff's parole implicated Plaintiff's right to due process only if they: (1) exceeded the sentence imposed on Plaintiff "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," *Sandin [v. Conner]*, 515 U.S. [472,] 484 (1995) (citing *Vitek v. Jones,* 445 U.S. 480 (1980)); or (2) imposed "significant and atypical hardship in relation to the

-8-

ordinary incidents of prison life. *Id.*

*Catanzaro v. Harry*, 848 F.Supp.2d 780, 794 (W.D. Mich. 2012). Neither circumstance applies here: prohibiting Plaintiff from contacting Ms. Walker did not exceed Plaintiff's sentence or impose a significant and atypical hardship in relation to prison life.

Although the no-contact provision only applies to victims (Dkt. No. 26 at p.5), and it is unclear whether Ms. Walker was actually a victim in Plaintiff's underlying offense, the analysis does not change. *See Wojcik v. Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) (the existence of a protected liberty interest is a threshold consideration; if the right does not exist, the inquiry ends).

Plaintiff's Fourteenth Amendment claims should be dismissed.

### C.     *Unserved Defendants*

Plaintiff makes the same allegations against the unserved Defendants – Artina Hardman, Ted Hammon, and Paul Condito. Under these circumstances, it would be futile and an uneconomical use of judicial resources to conduct further proceedings against these Defendants, and it is recommended that they likewise be dismissed. *See Monk v. Bailey*, No. 1:08–CV–903, 2010 WL 4962960 at *4 (W.D. Mich. Oct. 28, 2010), *report adopted by* 2010 WL 4963013 (W.D. Mich. Dec. 1, 2010) (dismissing six unserved "Doe" defendants who allegedly denied plaintiff medical treatment where the plaintiff could not establish exhaustion as to any prison personnel); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir. 1995), *cert. denied*, 516 U.S. 864 (1995) ("Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an

opportunity to address the controlling issues") (citing, *inter alia, Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)).[5]

## V. CONCLUSION

Because the Fifth Amendment does not apply to Defendants' conduct and Plaintiff was not entitled to procedural due process under the Fourteenth Amendment – with respect to the condition of his parole at issue – this Magistrate Judge **RECOMMENDS** that Defendants' motions be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE**.[6]

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D.

---

[5]Plaintiff also filed a motion to file an amended complaint (Dkt. No. 105). He seeks to add M. Majurin as a Defendant for violation of his Fifth and Fourteenth Amendment rights. Plaintiff's motion should be **DENIED AS FUTILE** for the reasons stated in this report and recommendation.

[6]Plaintiff also filed two motions to conduct discovery (Dkt. Nos. 86-87), and Defendants filed a motion to stay discovery (Dkt. No. 79). Defendants' motion should be **DENIED AS MOOT**. Plaintiff's motion should be **DENIED**; the requested documentation and answers to interrogatories are unnecessary to decide Defendants' motions.

Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

                                         s/Mark A. Randon
                                         MARK A. RANDON
                                         UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2013

## Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, July 2, 2013, by electronic and/or first class U.S. mail.*

                                         *s/Eddrey Butts*
                                         *Case Manager to Magistrate Judge Mark A. Randon*