UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDEL S. HUTCHINS,

         Plaintiff,                          No. 12-12354

vs.                                      Hon. Gerald E. Rosen

BARBARA SAMPSON, et al.,

         Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION,
TO ALTER JUDGMENT, AND FOR LEAVE TO FILE AMENDED COMPLAINT

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on October 02, 2013

        PRESENT:   Honorable Gerald E. Rosen
                                 United States District Chief Judge

On July 17, 2013, the Court entered an Opinion and Order and Judgment adopting the Magistrate Judge's Report and Recommendation and dismissing Plaintiff's Complaint, in its entirety, with prejudice. The matter is presently before the Court on Plaintiff's July 19, 2013 Motion for Reconsideration, his July 24, 2013 Motion to Alter Judgment, and his contemporaneously-filed Motion for Leave to File an Amended Complaint.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

1

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(1), (3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). Plaintiff's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.

A Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178

F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A*., 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

By application of the foregoing authorities, the Court will deny Plaintiff's July 19 and July 24 motions for reconsideration and to alter judgment. By these motions, Defendant is merely attempting to obtain a reversal of the Court's decision by presenting issues already ruled upon and re-hashing arguments that he previously raised in litigating this matter. Neither Fed. R. Civ. P. 59(e) nor Local Rule 7.1 are proper vehicles for such arguments.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 119]** and his Motion to Alter Judgment **[Dkt. # 121]** are DENIED.

The Court further finds (as it previously found in denying Plaintiff's July 2, 2013 motion to amend [*see* Dkt. # 116]) that Plaintiff's proposed amendment to his complaint -

- the substitution of a First Amendment claim for the Fifth Amendment claim previously alleged -- would be futile. No First Amendment claim arises from the facts upon which this action is predicated. The action here is predicated upon a condition of Plaintiff's parole the violation of which resulted in the revocation of parole and Plaintiff being remanded to custody where he was required to serve the full term of his sentence. No First Amendment right is implicated.

Therefore,

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint **[Dkt. # 122]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 2, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 2, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

4